IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLON MALBORY, on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action File<br>) No. _____<br>) |
| PRECISE SECURITY SERVICES LLC, and DAVID REESE, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Marlon Malbory, by and through counsel, files this Collective Action Complaint against Defendants Precise Security Services, LLC ("Precise Security") and David Reese ("Reese") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff and similarly situated employees proper overtime wages and for retaliation against Plaintiff. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1.      This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff and similarly situated employees overtime wages during the period three years prior to the filing of this complaint, June 2022 through August 2022.

## JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391.  Defendants transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

**A. Plaintiff Malbory.**

3.      Plaintiff Marlon Malbory is a resident of Georgia in this judicial district and division.

4.      Plaintiff consents to be a party and opt-in Plaintiff in this lawsuit and to represent the collective class adequately. See, Exhibit 1, Plaintiff's Declaration and Consent.

5.      Defendants hired Plaintiff on approximately June 13, 2022.

6.      Plaintiff's employment with Defendants ended on approximately

August 6, 2022.

**B. Defendant Precise Security.**

7.      Defendant Precise Security is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 400 Galleria Parkway, Suite 1500, Atlanta, GA, 30339.

8.      Defendant Precise Security's registered agent for service of process is David Reese, 5660 Walnut Mill Lane, Powder Springs, GA 30127.

9.      Defendant Precise Security had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

10.     At all relevant times, Defendant Precise Security has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

11.     Defendant Precise Security employed Plaintiff throughout the relevant period.

**C. Defendant David Reese.**

12.     At all relevant times, Defendant Reese was the owner, general manager, and/or primary decision maker for Precise Security.

13.     Defendant Reese can be served at 5660 Walnut Mill Lane, Powder Springs, GA 30127.

14. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

15. Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

**A. Defendant Reese was Plaintiff's and other Security Officers' Employer along with Defendant Precise Security, Jointly and Severally Liable under the FLSA for Unpaid Wages.**

16. Defendant Reese had operational control of significant aspects of Precise Security's day to day functions.

17. Defendant Reese had authority to sign checks on Precise Security's accounts.

18. Defendant Reese had authority to execute contracts on behalf of Precise Security.

19. At all relevant times Defendant Reese acted directly and indirectly in the interest of Precise Security.

20. At all relevant times, Defendant Reese was the owner of Precise Security.

21. At all relevant times, Defendant Reese authority to determine Precise Security policies, procedures and practices.

22. At all relevant times, Defendant Reese had the authority to control Plaintiff's and other Security Officers' workplace conditions.

23. At all relevant times, Defendant Reese had the authority and control to determine Plaintiff's and other Security Officers' compensation by Precise Security.

24. Defendant Reese hired Plaintiff.

25. At all relevant times, Defendant Reese had the authority and control to terminate Plaintiff's employment with Precise Security.

26. At all relevant times, Defendant Reese had the authority to determine Plaintiff's and other Security Officers' wages.

27. At all relevant times, Defendant Reese had the authority to determine Plaintiff's and other Security Officers' job assignments with Precise Security.

28. At all relevant times, Defendant Reese had the authority to determine Plaintiff's and other Security Officers' work schedule with Precise Security.

29. At all relevant times, Defendant Reese, as an owner, general manager, and/or primary decision maker for Precise Security with respect to policies, procedures, and practices.

30. At all relevant times, Defendant Reese exercised sufficient control over Plaintiff to qualify as Plaintiff's employer or joint employer.

31. Defendants promised to pay Plaintiff and other Security Officers' reimbursement for purchasing of gas and materials related to their work.

**B. Plaintiff and other Security Officers' Employment with Defendants.**

32. Plaintiff was employed by Defendants as a security officer.

33. Throughout the relevant period, Defendants employed Security Officers in Georgia, including Plaintiff and similarly situated employees.

34. At all relevant times, Plaintiff and other Security Officers were "employees" of Defendants as that term is used in 29 U.S.C. § 203(e)(1).

35. At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and other Security Officers within the meaning of the FLSA.

36. Plaintiff and other Security Officers employed by Defendants were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

37. At all relevant times, Plaintiff and other Security Officers were non-exempt employees for Defendants.

38. Defendants paid Plaintiff and other Security Officers' a flat hour rate regardless of the hours worked.

39. Plaintiff's and other Security Officers' job duties included, but were not limited to, securing the client's premises and personnel by staying on patrol,

performing building inspections, guarding entry points, and verifying visitors.

40. In performing their job duties for Defendants, Plaintiff and other Security Officers did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

41. In performing their job duties for Defendants, Plaintiff and other Security Officers did not direct or supervise the work of any employees.

42. In performing their job duties for Defendants, Plaintiff and other Security Officers did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing or changing the status of any employee.

43. In performing their job duties for Defendants, Plaintiff and other Security Officers did not exercise any discretion or independent judgment with regard to matters of significance.

44. Plaintiff's and other Security Officers' job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

45. Defendants incorrectly classified Plaintiff and all other Security Officers as independent contractors.

46. Defendants exerted significant control over Plaintiff and other

Security Officers work, including, but not limited to, the following:

a. Defendants determined Plaintiff's and other Security Officers' hours and schedule for each workday;

b. Defendants provided and required Plaintiff and other Security Officers to wear a uniform;

c. Defendants required Plaintiff and other Security Officers to comply with its policies and procedures relating to performing their duties for Defendants;

d. Plaintiff and other Security Officers were managed by and required to answer to Defendant's management staff;

e. Plaintiff and other Security Officers could not negotiate the amount they were paid by Defendants and were never paid directly by Defendant's customers;

f. Plaintiff and other Security Officers could not negotiate the agreement to work for Defendant;

g. Defendants did not permit Plaintiff and other Security Officers to hire other workers to assist with their work; and

h. Plaintiff and other Security Officers were required to complete forms as instructed by Defendants, and to comply with reporting requirements set

by Defendants.

47. Defendants classified Plaintiff and other Security Officers as independent contractors.

48. All of the work that Plaintiff and other Security Officers performed for Defendants was through Defendants agreements with the clients, and under for Defendants' terms and conditions.

49. Defendants received the majority of its revenue from the work performed by Plaintiff and other Security Officers.

50. Defendants exercised significant control over Plaintiff and other Security Officers' work.

51. Plaintiff and other Security Officers had no opportunity for profit or loss depending on their managerial skill.

52. Plaintiff and other Security Officers had little to no investment in equipment or materials needed to perform their duties, and Plaintiff and other Security Officers were expressly forbidden from hiring other workers to assist in them in their duties.

53. Plaintiff and other Security Officers services requires no specialized skill or education.

54. Plaintiff and other Security Officers maintained on ongoing,

permanent working relationship with Defendants.

55. Plaintiff and other Security Officers services rendered was an integral part of Defendants' business.

56. Defendants terminated Plaintiff in August 2022, after Plaintiff complained about his missing wages and requested his overtime compensation.

### C. Plaintiff and other Security Officers' Unpaid Overtime.

57. Defendants paid Plaintiff and other Security Officers a flat hourly rate regardless of the amount of hours they worked.

58. Defendants denied Plaintiff and other Security Officers payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

59. While Plaintiff and other Security Officers' schedule varied, they regularly worked in excess of 40 hours per workweek.

60. Defendants willfully and/or deliberately failed to pay Plaintiff and other Security Officers earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

61. Defendants maintained records of hours that Plaintiff and other Security Officers worked.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiff brings this case on his own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

> All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Precise Security Services, LLC as a Security Officer and were denied overtime wage compensation for hours worked over 40 hours in a given work week.

63.     Plaintiff, on behalf of himself and Collective Class members, seeks relief on a collective basis challenging Defendants' failure to properly pay overtime wage for all hours worked over 40 in a given work week in violation of the FLSA.

64.     The Collective Class is so numerous that joinder of all members is impracticable.  It is believed that the Collective Class includes over forty persons.

65.     Plaintiff's claims and experiences are typical of that of the Collective Class members.

66.     Plaintiff will fairly and adequately protect the interests of the Collective Class and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with those of the Collective Class members.

67.     This Collective Action is superior to other available methods for the

fair and efficient adjudication of this controversy, since joinder of all members is not practical. The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

68. Common questions of law and fact predominate in this action, including but not limited to:

    a. Identification of all persons in the Collective Class; and

    b. Whether Defendants paid Plaintiff and Collective Class members proper overtime wages for all hours worked over 40 hours in a given work week.

69. Plaintiff has given his written consent to become a party Plaintiff in this collective action under the FLSA. Plaintiff's written consent is attached hereto as "Exhibit 1."

## COUNT I
### FAIR LABOR STANDARDS ACT VIOLATIONS
### UNPAID WAGES
### On behalf of Plaintiff and the Collective Class

70. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

71. At all relevant times, Defendants have been and was engaged in interstate commerce and/or the production of services for commerce, within the

meaning of 29 U.S.C. §§ 206(a) and 207(a).

72. At all relevant times, Defendants employed Plaintiff and Collective Class members within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

73. At all relevant times, Defendants were an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff and Collective Class members) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

74. Defendant Precises Security had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

75. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Collective Class members overtime wages in violation of the FLSA.

76. Defendants maintained records of hours that Plaintiff and Collective Class members worked.

77. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

78. Plaintiff and Collective Class members suffered damages due to Defendants' willful misconduct.

79. Due to Defendants' FLSA violations, Plaintiff and Collective Class members were damaged and are entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS
## RETALIATION
## On behalf of Plaintiff

80. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

81. The FLSA prohibits Defendants from retaliating against Plaintiff for complaining about and requesting overtime wages. 29 U.S.C. § 215 (a)(3).

82. Plaintiff engaged in statutorily protected activity by complaining of Defendants' failure to pay overtime as required by the FLSA.

83. When Plaintiff engaged in the protected activity of complaining of Defendants' failure to pay overtime, Defendants subjected Plaintiff to adverse employment actions such as terminating his employment, which constitutes unlawful retaliation in violation of the FLSA.

84. There was a causal connection between Plaintiff's protected activity

and the termination of his employment.

85. As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic and non-pecuniary damages.

86. Defendants are therefore liable for the damages proximately caused by its retaliation.

87. Defendants willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Consequently, Plaintiff is entitled to recover punitive damages.

88. Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to such legal or equitable relief as may be appropriate to effectuate the purposes of the FLSA. Plaintiff's relief includes, without limitation, employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and reasonable attorney fees and costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981 and the statutes providing for relief for violations of 42 U.S.C. § 1981.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Plaintiff

and Collective Class members;

B. Prompt issuance of notice to all Collective Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and appointing Plaintiff and his counsel to represent the Collective Class members;

C. Award of all unpaid wages, including but not limited to, all unpaid overtime wage compensation, due under the FLSA to Plaintiff and the Collective Class members;

D. Award of liquidated damages to the Plaintiff and Collective Class members;

E. Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this August 29, 2022.

           **HALL & LAMPROS, LLP**

           /s/ *Gordon Van Remmen*
           Christopher B. Hall
           Ga. Bar # 318380
           Gordon Van Remmen
           Ga. Bar # 215512

400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiffs*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.